UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DAVID EDUARDO MEJIA MARTINEZ,
Petitioner,
v.
FACILITY ADMINISTRATION GEO GROUP INC., et al.,
Respondents.

Case No. 5:26-cv-02778-SRM-AS

**ORDER REJECTING IN PART REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE [15] AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS [1]**

**A-Number: 246-059-823**

## I. INTRODUCTION

Before the Court is Petitioner David Eduardo Mejia Martinez's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Dkt. 1. Respondents filed an Opposition to the Petition ("Opposition") and attached the Order of the Immigration Judge ("IJ") who considered Petitioner's request for bond. Dkt. 7. On June 2, 2026, Magistrate Judge Sagar ordered Respondents to file the Bond Hearing Transcript to assist in reviewing the pending petition. Dkt. 8. On June 8, 2026, Respondents filed the Bond Hearing Transcript. Dkt. 9. On June 18, 2026, Magistrate Judge Sagar issued a Report and Recommendation ("R&R") recommending that this Court deny the Petition, dismiss the action, and enter judgment accordingly. Dkt. 15. On June 29, 2026, Petitioner filed objections to the R&R. Dkt. 16.

Pursuant to 28 U.S.C. § 636, the Court has conducted a de novo review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, all of the records herein, and the Report and Recommendation of the United States Magistrate Judge ("R&R"). For the reasons set forth below, the R&R is REJECTED as to Petitioner's claim regarding the adequacy of his bond hearing. The remaining claims are not addressed by the court.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner is a national citizen of El Salvador and a resident of California. Dkt. 1. Petitioner entered the United States on or about 2014, without admission or parole, and has never departed since. *Id*. Petitioner has held steady employment throughout his presence in the United States and has paid state and federal taxes. *Id*. Petitioner is legally married and has two children, a seven-year-old and a four-year-old, who are United States citizens. *Id*. Petitioner is the main provider for his family. *Id*. Petitioner has always lived a law-abiding life, never being convicted of any crimes in the United States or El Salvador. *Id*.

On November 5, 2025, Petitioner was driving to work when he was pulled over by an unmarked car operated by Immigration and Customs Enforcement ("ICE") agents. Dkt. 1. The agents arrested Petitioner without a warrant or probable cause and brought Petitioner to the downtown Los Angeles ICE Building before transferring Petitioner to the Adelanto ICE Detention Center ("ADC"). *Id*. The officers claimed that Petitioner is a member of the "MS 13 Street Gang" despite there being no evidence of this claim. *Id*. Petitioner does not have a single tattoo or any affiliation with MS 13 Gang. *Id*. Petitioner has remained detained since his arrest on November 5, 2025. *Id*. at 8.

On May 7, 2026, IJ Curtis White held a bond hearing for Petitioner pursuant to *Rodriguez v. Holder*, No. 2:07-cv-03239-TJH-RNB (C.D. Cal. Aug. 6, 2013). Dkt. 1, 9-1. At the bond hearing, the IJ found that Petitioner is a danger and a flight risk and denied Petitioner's bond. Dkt. 1. The IJ then issued a written order which states: "The Court considered the applicant's request for bond. However, DHS met its burden to establish by clear and convincing evidence that the applicant's release would pose a danger to the

community and such a significant flight risk that no amount of bond and/or alternatives to detention would be appropriate." Dkt. 7-1.

On May 20, 2026, Petitioner filed this Petition challenging his detention on the following grounds: (1) violation of his Fourth Amendment rights and 8 U.S.C. § 1357(a)(2); (2) violation of the Administrative Procedures Act; (3) his continued detention is prolonged; (4) the bond hearing violated his due process rights under the Fourteenth Amendment; and (5) his detention violates the Immigration and Naturalization Act ("INA") and his Fifth Amendment rights. Dkt. 1.

## III. DISCUSSION

Petitioner argues that he is entitled to release because the IJ abused its discretion in finding he is dangerous and a flight risk by "clear and convincing" evidence at his bond hearing. *Id*. Respondents argue that Petitioner's arrest and detention were lawful and that this Court lacks jurisdiction to review the bond denial under 8 U.S.C. § 1226(a). Respondents do not address Petitioner's arguments that the IJ erroneously denied him bond or release. Dkt. 7. For the reasons that follow, the Court concludes that it has jurisdiction to review the IJ's bond denial and that IJ abused its discretion by finding Petitioner dangerous and a flight risk. The Court therefore grants the Petition, orders Petitioner's immediate release, and prevents his re-detention absent a pre-deprivation hearing.

### A. The Court has Jurisdiction to Consider Petitioner's Claims

Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2241. Section 2241 "makes the writ of habeas corpus available to all persons 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Trinidad y Garcia v. Thomas*, 683 F.3d 952, 956 (9th Cir. 2012) (en banc) (quoting 28 U.S.C. § 2241(c)(3)). "The writ of habeas corpus historically provides a remedy to noncitizens challenging executive detention." *Trinidad*, 683 F.3d at 956 (citing *INS v. St. Cyr*, 533 U.S. 289, 301-03 (2001)). Respondents argue that the Court does not have jurisdiction over the Petition because Petitioner does not allege that he appealed the IJ's decision to the BIA. Dkt. 7. The Court concludes that this does not bar habeas review of Petitioner's claims.

Section 1226(e) provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review." Further, Section 1226 governs the Government's discretionary authority to detain or release a noncitizen in immigration proceedings and therefore precludes a noncitizen from "challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (plurality) (simplified). Nonetheless, the federal courts retain jurisdiction to consider constitutional claims or questions of law regarding bond determinations, including "mixed questions" involving the application of law to facts. The Ninth Circuit has found that the immigration courts' determination that a noncitizen presents a danger by "clear and convincing" evidence is such a "mixed question" amenable to federal court review. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024).

The Supreme Court's decision in "*Wilkinson* compels the conclusion that application of the 'dangerousness' standard is a reviewable mixed question. [Thus,] [e]ven though what constitutes "dangerousness" is malleable and involves agency discretion, *Wilkinson* instructs that this is still a legal standard so long as federal courts can 'assess whether an IJ correctly applied the statutory standard to a given set of facts.'" *Id.* at 783 (quoting whether *Wilkinson v. Garland*, 601 U.S. 209, 221, 144 (2024)). As the Ninth Circuit recognized in *Martinez*, an IJ applies the same nine-factor test set forth in *In re Guerra* "[t]o determine whether an alien is a danger to the community or a risk of flight." *Martinez*, 124 F.4th at 783 (quoting *In re Guerra* 24 I. & N. Dec. 37, 40 (BIA 2006)). The Court therefore proceeds to determine whether the IJ abused its discretion by finding that the DHS met the "clear and convincing" evidence standard to prove that Petitioner is dangerous and a flight risk.

**B. Petitioner's Detention is Unlawful**

Petitioner contends that the IJ abused his discretion in finding that he is a flight risk requiring his detention at his *Rodriguez* hearing. Dkt. 1. Apart from arguing that this Court lacks jurisdiction, Respondents do not address Petitioner's arguments that the IJ's order (1)

is inadequate "because no evidence was provided" by the DHS to meet the "clear and convincing" standard, and (2) fails to identify any clear and convincing evidence that DHS met their burden but rather "only offers one conclusory sentence that Petitioner is a flight risk." *See* Dkt. 1, 7. Instead, Respondents double-down on the premise that the IJ's two sentence order sufficiently shows that the IJ held the DHS to the clear and convincing evidence standard. Dkt. 7.

Respondents' failure to contest Petitioner's claims are a concession. See *Rojas v. Mullin*, No. 26-cv-1437 FMO-MAA, 2026 WL 1105039, at *1 (C.D. Cal. Apr. 17, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession"); *Khoury v. Noem*, No. 5:26-CV-00113-SRM-MBK, 2026 WL 846040, at *3 (C.D. Cal. Jan. 22, 2026) (granting TRO requiring the petitioner's release where "the Court construes Respondents' failure to address this argument as a concession that Petitioner is likely to succeed on the merits of this claim"); *E-M- v. Hermosillo*, No. 3:25-cv-1083-SI, 2026 WL 883776, at *1 (D. Or. Mar. 31, 2026) ("Respondents do not challenge Count Three on the merits and thus the Court finds that Respondents have waived any such challenge and conceded those aspects of Count Three of the Petition"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims").

Based on the undisputed record, the Court concludes that the IJ abused its discretion in finding Petitioner is dangerous and a flight risk by "clear and convincing" evidence

### C. The IJ Abused His Discretion in Finding Petitioner a Flight Risk and Denying Bond

1. <u>Standard of Review</u>

Under *Martinez*, this Court reviews the IJ's findings of danger and flight risk for "abuse of discretion." *Martinez*, 124 F.4th at 784. Under that deferential standard, the reviewing court determines whether the IJ "'applied the correct legal standard'" and may not "'reweigh evidence.'" *Id*. at 785 (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th

Cir. 2014)). An IJ "'abuses its discretion when its decision is arbitrary, irrational, or contrary to law,'" *Pleitez-Lopez v. Barr*, 935 F.3d 716, 719 (9th Cir. 2019) (quoting *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011)), or "'when it fails to state its reasons and show proper consideration of all factors when weighing equities and denying relief.'" *An Na Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012) (quoting *Ahmed v. Holder*, 569 F.3d 1009, 1014 (9th Cir. 2009)) (emphasis added).

The "clear and convincing" standard requires the Government to present evidence to establish "an abiding conviction that the truth of [the] factual contentions at issue is highly probable." *Mondaca-Vega v. Lynch*, 808 F.3d 413, 422 (9th Cir. 2015) (en banc). This is "a high burden and must be demonstrated in fact, not 'in theory.'" *Obregon v. Sessions*, No. 17-cv-01463 WHO, 2017 WL 1407889, at *7 (N.D. Cal. Apr. 20, 2017) (quoting *United States v. Patriarca*, 948 F.2d 789, 792 (1st Cir. 1991)); *see also Perez v. Wolf*, 445 F. Supp. 3d 275, 287 (N.D. Cal. 2020) (collecting cases applying the "high standard" of "clear and convincing" evidence).

2. Petitioner's *Rodriguez* Hearing

The IJ conducted Petitioner's *Rodriguez* bond hearing on May 7, 2026, and ordered that Petitioner be detained as dangerous and a flight risk. Dkt. 1, 9-1. Petitioner argues that the IJ's order "fails to provide any clear and convincing evidence that DHS met their burden and only offers one conclusory sentence that Petitioner is a flight risk." Dkt. 1. As such, Petitioner argues that his "*Rodriguez* bond hearing was inadequate." *Id*. In their opposition, Respondents submitted the IJ's two-sentence order of detention to support their argument that the IJ properly applied the clear and convincing standard. Dkt. 7-1. Following a request from the Magistrate Judge, the Respondents submitted the transcript of Petitioner's *Rodriguez* hearing. Dkt. 9-1.

In *In re Guerra*, the BIA identified nine non-exhaustive factors IJs may weigh to determine whether an alien is a danger to the community or a risk of flight. *See Martinez*, 124 F.4th at 783 (citing *Guerra*, 24 I. & N. Dec. at 40). These non-exhaustive factors are:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United

> States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Guerra*, 24 I. & N. Dec. at 40.

During the *Rodriguez* hearing, the IJ recognized that there were facts that could support a finding of potential dangerousness, for example evidence obtained during detention, including an alleged shank found in Petitioner's cell and an alleged admission that Petitioner is a gang member (though this is disputed by Petitioner). *See* Dkt. 9-1. However, the transcript of the hearing includes numerous facts that could support a finding that Petitioner is not dangerous or a flight risk. *Id*. For example, the IJ was presented with facts that Petitioner, once detained "was being harassed by other gang members while being detained, and the alleged object here [referring to the 'shank'] is a cup handle. There is no evidence that he used the object, that he injured anyone, that he threatened or attached anyone, that he's ever possessed a weapon or used it against anyone." Dkt. 9-1 at 11. Other facts include that Petitioner has no prior criminal record, has letters of recommendation from his clients, has ties to the community, has two children who are United States citizens, pays taxes, and lives in two different residences: one he shares with his sister and brother-in-law to easily commute to work, and one in which he lives in with his wife and children. *See* Dkt. 9-1.

3. <u>The IJ's Order</u>

An IJ has broad discretion to decide what facts to consider in custody and may choose to give greater weight to one factor than another. *See Martinez*, 124 F.4th at 783–84. IJs should evaluate facts unique to the detainee to determine whether the noncitizen is unlikely to appear for future immigration proceedings. *See In re Patel*, 15 I. & N. Dec. 666, 666–67 (BIA 1976) (ordering release on recognizance where IJ had erroneously set a bond based on factors that "bear little if any relevance to the issue of whether or not the

respondent is likely to appear for his deportation proceeding"). However, as discussed above, an IJ abuses their discretion if their decision is "arbitrary, irrational, or contrary to law" or if they "fail to state [their] reasons and show proper consideration of all factors when weighing equities and denying relief." *See Pleitez-Lopez*, 935 F.3d at 719 (citation modified).

During Petitioner's *Rodriguez* hearing, the IJ issued an oral ruling denying Petitioner bond based on findings of clear and convincing evidence of dangerousness and risk of flight. Dkt. 9-1. Following the hearing, the IJ issued a written order. Dkt. 7-1. In both rulings, the IJ fails to (1) state his reasons for the denial; (2) show proper consideration of the *Guerra* factors, and (3) weigh equities. Dkt. 7, 9-1; *see also Pleitez-Lopez*, 935 F.3d at 719; *see also An Na Peng*, 673 F.3d at 1253. Rather, at the hearing, the IJ generally concluded that:

> [w]hen comparing the effects of this case to the bond jurisprudence, especially that of the last year, which includes the context of where DHS has the burden of proof by clear and convincing evidence, it does not come out in the Respondent's favor. The Court is going to deny finding clear and convincing evidence of both danger and flight risk.

Dkt. 9-1. Similarly, in his written ruling, the IJ stated that "[t]he Court considered the applicant's request for bond. However, DHS met its burden to establish by clear and convincing evidence that the applicant's release would pose a danger to the community and such a significant flight risk that no amount of bond and/or alternatives to detention would be appropriate." Dkt. 7-1. Because the IJ did not apply facts to law in either his oral or written decision, the Court concludes that the IJ's ruling constitutes an abuse of discretion. *See e.g., Pleitez-Lopez*, 935 F.3d at 719 (9th Cir. 2019); *Nola v. Dep't of Homeland Sec.*, No. 5:26-cv-02180-MBK, 2026 WL 1330294 (C.D. Cal. May 13, 2026). Dkt. 7-1, 9-1.

Based on this record, there is no indication that Petitioner is dangerous or a flight risk, much less evidence to demonstrate "an abiding conviction" that it "is highly probable," *Mondaca-Vega*, 808 F.3d at 422, Petitioner is unlikely to appear for future court

hearings or removal. As such, the Court concludes that the IJ abused his discretion in concluding that Petitioner is a flight risk and denying release on bond.

**D. Petitioner's Remaining Claims**

In addition to his claim of an inadequate *Rodriguez* bond hearing, Petitioner challenges his detention on the following grounds: (1) violation of his Fourth Amendment rights and 8 U.S.C. § 1357(a)(2); (2) violation of the Administrative Procedures Act; (3) his continued detention is prolonged; and (4) his detention violates the Immigration and Naturalization Act ("INA") and his Fifth Amendment rights. Dkt. 1.

As the R&R correctly observes, there is no dispute that Petitioner was entitled to a bond hearing pursuant to *Rodriguez*. See Dkt. 15 at 10. However, the Court disagrees with the Magistrate Judge that Petitioner's bond hearing was adequate and instead finds that the appropriate relief is Petitioner's immediate release.[1] Because the Court concludes that Petitioner is entitled to release on the basis of the IJ's abuse of discretion in denying bond at the *Rodriguez* hearing, it declines to address Petitioner's remaining claims and makes no decision on their merit.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that the IJ abused his discretion in denying bond. Therefore, the Report and Recommendation is **PARTIALLY REJECTED**, Dkt. 15, and the Petition for Writ of Habeas Corpus is **GRANTED**, Dkt. 1. The Court **ORDERS** as follows:

1. Judgment be entered granting the Petition Dkt. 1;
2. A writ of habeas corpus be issued requiring Respondents to immediately release Petitioner David Eduardo Mejia Martinez (**A-Number: 246-059-823**) from custody;

---

[1] Because the court finds that Petitioner's immediate release is appropriate, it need not wait for the parties' notice of compliance and/or joint status report.

3. Respondents are **ENJOINED** from revoking Petitioner's release without adequate notice and a prompt bond hearing where the Department of Homeland Security has the burden to prove danger or flight risk by clear and convincing evidence; and
4. Respondents are to file a status report within three (3) calendar days from the date of this order confirming Petitioner's release and compliance with this order.

**IT IS SO ORDERED.**

Dated: September 8, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE